IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER J. TIGANI, as a vested beneficiary of and on behalf of the Irrevocable Trust for the benefit of Robert F. Tigani dated December 16, 1986, | § § § § § § | |
| Plaintiff Below, Appellant, | § § | No. 331, 2020 |
| v. | § § § | Court Below–Superior Court of the State of Delaware |
| STEVEN R. DIRECTOR, Esq., STEPHEN B. BRAUERMAN, Esq., and BAYARD, P.A., 309, and | § § § § § § | C.A. No. N19C-10-014 CCLD |
| W. DONALD SPARKS, II, Esq., and RICHARDS, LAYTON & FINGER, P.A., | § § § § | |
| Defendants Below, Appellees. | § § | |

Submitted: March 26, 2021
Decided: June 4, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

After careful consideration of the parties' briefs and the Superior Court record,

we find it evident that the judgment below should be affirmed on the basis of and

for the reasons assigned in the Superior Court's September 2, 2020 opinion.[1]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED.

BY THE COURT:


/s/  James T. Vaughn, Jr.
Justice

---

[1] *Tigani v. Director*, 2020 WL 5237278 (Del. Super. Ct. Sept. 2, 2020).  Although the appellees brought their motions to dismiss under Superior Court Civil Rule 12(b)(1) and 12(b)(6), the Superior Court's opinion only recited its standard of review under Rule 12(b)(6).  We understand, however, that the court's dismissal, to the extent that it is based on the court's lack of subject-matter jurisdiction, falls under Rule 12(b)(1).  Under the circumstances presented here, we need not decide whether the Superior Court's determination that the appellant lacked standing to proceed *pro se* is properly considered under Rule 12(b)(1) or 12(b)(6). *See Appriva S'holder Litig. Co. v. EV3, Inc.*, 937 A.2d 1275, 1283-84 (Del. 2007) (noting that the federal and state courts are divided on the question of whether the issue of standing is properly challenged under Rule 12(b)(1) or 12(b)(6)).